IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GREGORY ROSE                                                                    PLAINTIFF

v.                              No. 3:19-cv-293-DPM

MIKE GIBSON, Judge, Osceola;
CATHERINE DEAN, Prosecutor,
Osceola; OLLIE COLLINS, Chief,
Osceola Police Department; TERRY,
HODGES, Detective, Osceola Police
Department; and CHRIS ELLIS,
Detective, Osceola Police Department                                DEFENDANTS

ORDER

**1.** Gregory Rose brought this civil rights lawsuit against Defendants in their personal and official capacities. His remaining claim relates to his pretrial detention on criminal charges that were later *nolle prossed*. Doc. 2; *Rose v. Galbson*, 808 F. App'x 403 (8th Cir. 2020). Dean and Gibson each move to dismiss that claim as to them; and Ellis, Collins, and Hodges move to dismiss the official-capacity slice of that claim as to them. *Doc. 21 & Doc. 26*. The Court takes Rose's factual allegations as true and makes all inferences in his favor. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).

**2.** Rose says Dean charged him with murder "without any facts or anything to even arrest[] [him.]" *Doc. 2 at 4*. But Dean, a prosecutor, is absolutely immune from suit in her personal capacity for acts taken

as an advocate for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And Rose's official capacity damages claim against her is barred by the Eleventh Amendment. *Morstad v. Department of Corrections & Rehabilitation*, 147 F.3d 741, 743–44 (8th Cir. 1998); *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989).

**3.** Rose says Judge Gibson charged him with murder "off of hearsay." *Doc. 2 at 4*. Presiding over preliminary matters in Rose's case was a core part of Judge Gibson's work as an Arkansas District Judge. Judge Gibson can't be sued for those acts. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). And again, Rose's official capacity damages claims are barred. *Morstad*, 147 F.3d at 743–44; *Will*, 491 U.S. at 66.

**4.** Collins, Hodges, and Ellis ask only that Rose's official capacity claims against them be dismissed. *Doc. 27*. Rose says he stated an individual capacity claim against each of them, *Doc. 44*, but those individual capacity claims are not at issue. Because Rose didn't allege that a City of Osceola policy or custom caused his injury, he's failed to state official capacity claims against Collins, Hodges, and Ellis. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016).

\* \* \*

Defendants' motions to dismiss, *Doc. 21 & Doc. 26*, granted. Rose's claims against Dean and Judge Gibson are dismissed without prejudice; they are dismissed from this lawsuit. Rose's official capacity

claims against Collins, Hodges, and Ellis are dismissed without prejudice. The individual capacity claims against them go forward.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

13 January 2021