IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GREGORY ROSE                                                      PLAINTIFF

v.                      No. 3:19-cv-293-DPM

OLLIE COLLINS, Chief,
Osceola Police Department; TERRY
HODGES, Detective, Osceola Police
Department; and CHRIS ELLIS,
Detective, Osceola Police Department                              DEFENDANTS

ORDER

1. On 5 October 2013, Larry Bledsoe got into a fight with Derrico Davis. Later that day, Gregory Rose struck Bledsoe in the face, causing him to fall to the ground. Bledsoe got up and went in a house, but was found unresponsive a short time later. Rose was arrested for first degree domestic battery. Bledsoe died. Rose was then charged with second degree murder. All charges against Rose were *nolle prossed* due to lack of medical evidence showing which fight caused the injuries resulting in Bledsoe's death.

Rose filed suit under 42 U.S.C. § 1983 against three police officers, the prosecutor, and a District Court judge claiming his arrest, the charge, and his pretrial detention were unlawful. He also alleged defamation under Arkansas law. After a preservice dismissal, the Court of Appeals affirmed in part and reversed in part. *Rose v. Galbson*,

808 F. App'x 403 (8th Cir. 2020). The case has proceeded thereafter. Rose's only remaining claims are his pretrial detention and defamation claims against the officers (Ollie Collins, Terry Hodges, and Chris Ellis) in their individual capacities. *Doc. 13, 15 & 45.* The officers seek summary judgment. Rose wants a trial. Most of the material facts are undisputed. *Doc. 52.* But where there is a genuine dispute, the Court views the record in Rose's favor. *Smith-Bunge v. Wisconsin Cent., Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019).

**2.** The Supreme Court recently clarified that Rose's pretrial detention claim is one under the Fourth Amendment for malicious prosecution. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). Collins, Hodges, and Ellis are entitled to qualified immunity on that claim, however, because Rose's constitutional right against malicious prosecution was not clearly established when he was arrested in 2013. *Harrington v. City of Council Bluffs, Iowa*, 678 F.3d 676, 680–81 (8th Cir. 2012); *see also Bates v. Hadden*, 576 F. App'x 636, 639 (8th Cir. 2014) (unpublished persuasive authority).

The officers are entitled to qualified immunity on this record in any event. Rose has presented no evidence from which a reasonable juror could find that Ellis, Hodges, or Collins set in motion the charges against Rose without arguable probable cause. *Thompson*, 142 S. Ct. at 1338; *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000). It's undisputed that Ellis and Hodges spoke with multiple witnesses before

Rose was arrested. Matthew Beal told Ellis and Hodges that Bledsoe did not appear to be injured in his fight with Davis and reported that Rose admitted to hitting Bledsoe, whose health deteriorated soon thereafter. Davis gave the officers a similar story. Ellis also visited the hospital, where he was told Bledsoe was not expected to survive. Ellis included these findings in his affidavit for a warrant, and the District Court found there was probable cause for Rose's arrest. In these circumstances, the officers had arguable probable cause to arrest Rose for battery and are therefore entitled to qualified immunity. *Borgman v. Kedley*, 646 F.3d 518, 523-24 (8th Cir. 2011); *Engleman v. Deputy Murray*, 546 F.3d 944, 950 (8th Cir. 2008).

**3.** All that remains is Rose's defamation claim. The Court declines to exercise supplemental jurisdiction over that state law matter. *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021).

\* \* \*

Defendants' motion for summary judgment, *Doc. 51*, is granted. Rose's Fourth Amendment malicious prosecution claims will be dismissed with prejudice. His defamation claim will be dismissed without prejudice.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

27 April 2022